IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DOMINIQUE TRAEMAINE GULLEY,

                Plaintiff,                ORDER

  v.

MICHAEL DIAMOND AUSTIN                11-cv-227-wmc
and DWAYNE DEON DODD
  a/k/a LEE CURTIS THOMPSON,

                Defendants.

---

DOMINIQUE TRAEMAINE GULLEY,

                Plaintiff,
  v.                                                                                         11-cv-250-wmc

SYLVIA ANNAH GRIFFIN
and TAMIKA MONIQUE GULLEY,

                Defendants.

---

In an order entered on March 28, 2011 in case no. 11-cv-227-wmc, the court directed plaintiff Dominique Gulley to submit a trust fund account statement so that an initial partial payment of the $350 filing fee could be calculated. On April 4, 2011, the court received a new complaint from plaintiff which has been assigned case no. 11-cv-250-wmc along with a trust fund account statement and a letter from plaintiff stating that he is indigent and cannot afford to pay any amount that would be assessed as an initial partial payment of the filing fee. I will construe plaintiff's letter as a motion to waive the initial partial payment.

Under §1915(b)(4), a prisoner may not be prohibited from bringing a lawsuit if "the prisoner has no assets and no means by which to pay the initial partial filing fee." Plaintiff may think that he falls into the category of prisoners who have "no means" to make an initial partial payment, but controlling authority holds otherwise. Plaintiff's immediate shortage of income is not sufficient by

itself to allow me to conclude that he lacks the means to pay the initial partial payment pursuant to 28 U.S.C. § 1915(b)(4). In *Newlin v. Helman*, 123 F.3d at 435, the court of appeals stated,

> [I]t is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when the prisoner has no assets and no means by which to pay the initial partial filing fee. A prisoner with periodic income has "means" even when he lacks "assets."

Further, in measuring periodic income, § 1915 requires courts to look backward in time rather than forward. In other words, in determining whether a prisoner has the means to pay, the court cannot consider representations the prisoner makes about his future income or lack of it. Rather, the court must look at the prisoner's income from the previous six months. 28 U.S.C. § 1915(a)(2).

In these cases, I am able to calculate plaintiff's initial partial payment based on information he provided in his inmate account statement submitted on April 4, 2011. This statement shows that for the six-month period immediately preceding the filing of the complaint, plaintiff received some deposits to his account. Plaintiff's statement also shows that any income that he received is automatically deducted. However, that does not mean that plaintiff will be unable to make an initial partial payment of the fees for filing these two cases. Initial partial payments assessed under § 1915(b)(1) are to receive priority over plaintiff's other debts. *Walker v. O'Brien*, 216 F.3d 626, 628 (7th Cir. 2000) (initial partial payments are to "come off the top" of all deposits to prisoner's account). Thus, the fact that plaintiff has other debts and obligations does not prevent him from utilizing new deposits to make the initial partial payments he is being assessed in these cases.

From the trust fund account statement plaintiff has submitted, I calculate his initial partial payment in each case to be $0.21. If plaintiff does not have the money to make the initial partial payments in his regular account, he will have to arrange with prison authorities to pay some or all

of the assessed amounts from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fees from his release account. The only amounts plaintiff must pay at this time are the $0.21 initial partial payments. Before prison officials take any portion of that amount from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes.

If, by April 29, 2011, plaintiff is unable to pay the initial partial payments he has been assessed, then I will consider that he has withdrawn these actions and he will not owe a filing fee. In that event, if, at some future time, enough time elapses that a six-month trust fund account statement would show that he owes a smaller payment based on his smaller income, he would be free to file a new lawsuit. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payments to this court.

ORDER

IT IS ORDERED that

1. Plaintiff is assessed $0.21 as an initial partial payment of the $350 fee for filing case no. 11-cv-227-wmc. He is to submit a check or money order made payable to the clerk of court in the amount of $0.21 on or before April 29, 2011.

2. Plaintiff is assessed $0.21 as an initial partial payment of the $350 fee for filing case no. 11-cv-250-wmc. He is to submit a check or money order made payable to the clerk of court in the amount of $0.21 on or before April 29, 2011.

3. If, by April 29, 2011, plaintiff fails to make the initial partial payments or show cause for his failure to do so, he will be held to have withdrawn these actions voluntarily. In that event, the clerk of court is directed to close the files without prejudice to plaintiff's filing his cases at a later date.

Entered this 6th day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge